IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

CASEY WOOD,

           Petitioner,

v.                                  CIVIL ACTION NO.  5:11-cv-00450

JOEL ZIEGLER,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document 1) and the Memorandum in Support thereof (Document 2).  By Standing Order (Document 4) entered September 2, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 20, 2012, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 16), wherein he recommended that the Court dismiss Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and remove this matter from the Court's docket.  On August 29, 2012, Petitioner timely filed his objections to the PF&R (Document 17).  After thorough review and consideration, the Court finds, for the reasons stated herein, that Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I. FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Vandervort's PF&R sets forth in detail Petitioner's motion. The Court now incorporates by reference the facts and procedural history outlined therein. However, to provide context for the ruling herein, the Court provides the following summary.

On April 27, 2006, Petitioner pled guilty in the Western District of North Carolina to conspiracy to manufacture and possess with the intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). *U.S. v. Wood,* Case No. 1:06-cr-00005-MR (W.D.N.C. 2006) at Dkt. 136. On February 21, 2007, the Honorable Lacy Thornburg, Judge of the Western District of North Carolina, sentenced Petitioner to a term of imprisonment of eighty-seven (87) months, to be followed by four (4) years of supervised release, $100 assessment fee, and $8,055.69 in restitution. (*Id.* at Dkt. 209). Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution located in Beaver, West Virginia ("FCI-Beckley"). On August 18, 2010, upon Petitioner's Request for § 3621(e) Offense Review, Petitioner was deemed ineligible for the early release benefit for successful completion of the Residential Drug Abuse Program ("RDAP") (Document 2, Exhibit 5).

On June 27, 2011, Petitioner, acting *pro se*, filed his Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document 1) and his Memorandum in Support of Petition for Writ of Habeas Corpus (Document 2). Petitioner states that the Bureau of Prisons ("BOP") denied him a reduction in his sentence after he successfully completed the RDAP because his sentence was enhanced for creating a substantial risk to human life pursuant to United States Sentencing Guidelines. (*Id.* at 1). Petitioner now moves this Court to order the BOP to reduce his sentence by twelve months. (*Id.* at 14). In support of his petition,

Petitioner argues that his enhancement did not qualify as the "conviction" for purposes of Section 550.55(b). Petitioner further argues that the denial is (1) "an unreasonable interpretation of 18 U.S.C. § 3621, and (2) violates the Equal Protection Clause of the Constitution where other similarly situated inmates in this circuit have received a reduction following completion of RDAP." (*Id.* at 1). As exhibits, Petitioner attaches the following: (1) a copy of Petitioner's "Judgment in a Criminal Case" as filed in the United States District Court for the Western District of North Carolina in Case No. 1:06-cr-0005-11 (*Id.* at 16-18); (2) a copy of Petitioner's "Affidavit of Casey Dillon Wood" filed in the United States District Court for the Southern District of West Virginia dated June 23, 2011 (*Id.* at 19-21); (3) a copy of Petitioner's "Request for §3621(e) Offense Review" dated July 22, 2010 (*Id.* at 22-23); (4) a copy of Petitioner's "Request § 3621(e) Offense Review" dated August 18, 2010 (*Id.* at 24-25); (5) a copy of Petitioner's "Request for Administrative Remedy" dated August 31, 2010 (*Id.* at 26-27); (6) a copy of Warden D.J. Harmon's Response dated October 1, 2010, denying Petitioner's administrative remedy (*Id.* at 28); (7) a copy of Petitioner's "Regional Administrative Remedy Appeal" dated October 6, 2010 (*Id.* at 29-30); (8) a copy of Regional Director C. Eichenlaub's Response dated February 14, 2011 (*Id.* at 31); (9) a copy of Petitioner's "Central Office Administrative Remedy Appeal" dated February 26, 2011 (*Id.* at 32-33); (10) a copy of Administrator Harrell Watts' Response dated May 10, 2011 ((*Id.* at 34); and (11) a copy of Petitioner's "Certificate of Completion" of the 500 Hour Residential Drug Abuse Program (*Id.* at 35).

On October 13, 2011, Petitioner filed a Motion for Expedited Disposition (Document 6), which Magistrate Judge VanDervort denied on August 20, 2012. On February 21, 2012, Petitioner filed a Petition for Writ of Mandamus with the Fourth Circuit Court of Appeals which

alleged that the district court unduly delayed acting on his petition pursuant to 28 U.S.C. § 2241. (See Document 7).  On June 22, 2012, the Fourth Circuit Court of Appeals denied Petitioner's Writ of Mandamus finding that the delay was not unreasonable. *In re Wood*, 474 F. App'x 238, 2012 WL 2365906 (4th Cir. 2012) (per curiam).

On August 20, 2012, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation (Document 16) and on August 29, 2012, Petitioner filed his Objections (Document 17) to the same.

## II.    STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

4

### III. DISCUSSION

#### A. Magistrate Judge's Findings

The Magistrate Judge found that Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed because "the BOP's interpretation of Section 3621(e) is reasonable and permissible." (Document 16 at 9). The Magistrate Judge also found that Petitioner's allegation that his constitutional rights were violated must be dismissed because "Petitioner does not possess a statutorily protected expectation interest in early release." (*Id.* at 13). Lastly, the Magistrate Judge found that Petitioner's claim that the BOP violated his rights to Equal Protection must also be dismissed because "Plaintiff cannot show that he was intentionally singled out for harsher treatment." (*Id.* at 14). Therefore, the Magistrate Judge recommended that this Court dismiss Petitioner's Application under 28 U.S.C. Section 2241.

##### i. The Bureau of Prison's Interpretations of Section 3621(e) are Reasonable and Permissible

The Magistrate Judge dismisses Petitioner's claim that the BOP erred by considering his sentence enhancement for "creating a substantial risk to human life" in determining that Petitioner did not qualify for early release under the RDAP by explaining the statutory and regulatory framework of 18 U.S.C. Section 3621 (e). Pursuant to 18 U.S.C. Section 3621(b), the BOP must provide drug abuse treatment programs for its prisoners who the Bureau determines have "a treatable condition of substance addition or abuse." 18 U.S.C. § 3621(b). To encourage prisoners to participate in such programs, Congress authorized the BOP to reduce the sentences, up to one year, of prisoners with non-violence offenses, who have successfully completed the RDAP. 18 U.S.C. § 3621(e)(2)(B). Specifically, Section 3621(e)(2)(B) provides:

> The period of a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment

> program *may* be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve

18 U.S.C. § 3621(e)(2)(B) (emphasis added). Therefore, the BOP has discretionary authority in determining whether to grant early release to prisoners who have successfully completed the RDAP. (*Id.*)

Because Section 3621(e) does not define a "nonviolent offense" nor does it set forth criteria for eligibility for early release, the BOP has promulgated regulations to implement the statute. Title 28 C.F.R. Section 550.55 provides, in part, that inmates whose current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (*including any explosive material or explosive device*)" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release. 28 C.F.R. § 550.55(b)(5)(ii) and (iii)(emphasis added). Similarly, the BOP, in its Program Statement, states that "[a]s an exercise of the Director's discretion, the following categories of inmates are not eligible for early release… (5) [i]nmates who have a current felony conviction for… (ii) "an offense that involved the carrying, possession, or use of a firearm or *other dangerous weapon or explosive*." P.S. 5331.02 (emphasis added). As the Magistrate Judge noted, the Program Statement specifically provides that "a person convicted of a drug offense under 21 U.S.C. § 841 and 846, who has received a sentencing enhancement for possession of a dangerous weapon has been convicted of an 'offense that will preclude the inmate from receiving certain Bureau program benefits.'" (Document 16 at 5, quoting P.S. 5162.05 § 4(b).

The Magistrate Judge noted that Petitioner was convicted of conspiracy to manufacture and possess with the intent to distribute at least 50 grams of methamphetamine in violation of 21

6

U.S.C. §§ 846 and 841 (a)(1) and that his sentence was enhanced pursuant to U.S.S.G. § 2D1.1(B)(6)(B) for creating a substantial risk to human life (Document 16). The Fourth Circuit Court of Appeals has noted, "[t]he dangers of methamphetamine laboratories to human life are well-documented." (Document 16 at 5 quoting *United States v. Howell*, 201 F.App'x. 948, 949 (4th Cir. 2006), *cert denied* 548 U.S. 1236 (2007)). Therefore, the Magistrate Judge concluded that "the BOP did not err in concluding that the manufacturing of methamphetamine posed a cognizable danger." (Document 16 at 5).

The Magistrate Judge found that the BOP's regulations are a reasonable and permissible interpretation of the statute and, therefore, Petitioner's claim must be dismissed (Document 16 at 5-9). The Magistrate Judge explained that "because Congress failed to define 'a nonviolent offense' for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.55, as applied through Program Statement 5162.05 and 5331.02, represents a reasonable interpretation of the statute." (*Id.* at 6). The Magistrate Judge properly stated the legal framework governing this analysis. The Magistrate Judge explained that under *Chevron*, "the Court must accord 'substantial deference' to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is 'arbitrary, capricious, or manifestly contrary to the statute.' (*Id.* quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 844-45 (1984)). However, if the agency's regulatory action is not subject to the Administrative Procedures Act ("APA"), its interpretation is only "entitled to some deference." (*Id.* quoting *Reno v. Koray*, 515 U.S. 50, 61 (1995)).

The Magistrate Judge found that because "[t]he BOP's interpretation as expressed in 28 C.F.R. § 550.55 is subject to the notice and comment provisions of the APA," the BOP's interpretation is entitled to substantial deference. (Document 16 at 7). The Magistrate Judge also

7

found that while Program Statements 5162.05 and 5331.02 are not subject to the APA, and therefore, only "entitled to respect to the extent that it has power to persuade," the BOP's interpretations of Section 3621(e) and P.S. 5162.05 and 5331.02 are "permissible constructions of the statute' and are in accord with its plain meaning and legislative intent." (*Id.*) Furthermore, because the statute is completely silent on eligibility criteria, the Magistrate Judge found that the BOP's interpretation of Section 3621(e) is also entitled to "substantial deference." (*Id.*). The Magistrate Judge explained that "the BOP's interpretation is not inconsistent with the language of the statute as a whole." (*Id.* at 8). "The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense," which the BOP has construed to mean that "inmates who receive a sentence enhancement for creating a substantial risk to human life in connection with the commission of a drug offense should not be rewarded with a one year early release." (*Id.*). Therefore, the Magistrate Judge found that Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed because the BOP's interpretation of Section 3621(e) is reasonable and permissible (Document 16 at 9).

### ii. Petitioner Does Not Have a Liberty Interest in Early Release

The Magistrate Judge found that the Petitioner's allegation that his constitutional rights were violated must be dismissed because Petitioner does not have a liberty interest in RDAP placement or in early release. (*Id.* at 9-13). As the Magistrate Judge explained, "[i]n order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient." (*Id.* at 9). "To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies." (*Id.* at 10). The Magistrate Judge properly stated the legal prerequisites

8

for establishing a deprivation of liberty interest with respect to RDAP. "Petitioner must show either (1) that he has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life." (*Id.* at 10) (*See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).

The Magistrate Judge found that federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence. (Document 16 at 10-11) (citing *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)). The Magistrate Judge further found that "[n]either Section 3621(e), the BOP's Program Statement (P.S. 5162.05), nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release." (Document 16 at 12). Furthermore, the Magistrate Judge noted that "[c]ourts have consistently held that inmates who successfully complete substance abuse treatment programs … suffer no deprivation of due process rights as a result of the recession of their consideration for early release." (*Id.*). Therefore, the Magistrate Judge concluded that Petitioner does not possess a constitutionally protected expectation interest in early release. (*Id.*).

### iii. Petitioner's Right to Equal Protection Has Not Been Violated

The Magistrate Judge found that Petitioner has failed to state a claim for denial of equal protection of the law. As the Magistrate Judge properly stated, in determining whether an inmate's right to equal protection has been violation, the inmate must (1) "produce evidence to show that he was treated differently than other similarly situated inmates;" and (2) "show that he was intentionally singled out for harsher treatment;" (*Id.* at 13; citing *Durso v. Rowe*, 579 F.2d

1365, 1371 (7th Cir. 1978); *Brandon v. District of Columbia Bd. Of Parole I.,* 734 F.2d 56, 60 (D.C. Cir. 984); *Stringer v. Rowe*, 616 F.2d 993, 998 (7th Cir. 1980)). The Magistrate Judge found that Plaintiff "fail[ed] to properly allege that he was treated differently than another similarly situated inmate" and "cannot show that he was intentionally singled out for harsher treatment." (Document 16 at 14). The Magistrate Judge notes that "Petitioner's conclusory allegation that he was treated differently than two similarly situated inmates in the Fourth Circuit is insufficient." (*Id.*). Furthermore, "[i]n his Affidavit, Petitioner appears to acknowledge that he is being treated similar to other inmates at FCI Beckley." (*Id.*). In his Affidavit, Petitioner explains that on July 23, 2010, he was deemed eligible for early release after completion of RDAP. (Document 2 at 19). Upon hearing about this determination, a fellow inmate, Mr. Ward, who was denied early release based on his enhancement "for creating a substantial risk of harm to human life in connection with a charge for manufacturing methamphetamine," filed a complaint resulting in the re-evaluation of Petitioner's early release eligibility. (*Id.* at 20). Petitioner stated that upon re-evaluation, he was determined to be ineligible "for the sentence reduction under section 3621." (*Id.* at 21). Therefore, the Magistrate Judge concluded that Petitioner was being treated similar to Mr. Ward, and thus, "has failed to state a claim for denial of equal protection of the law." (*Id.*).

### B. Petitioner's Objections

Petitioner contends that "the Magistrate misapplied standing precedence within this circuit to the facts of the instant matter and that summary judgment would be inappropriate at this stage of the proceedings." (Document 17 at 1). Specifically, Petitioner argues that (1) "[s]ummary [d]ismissal is inappropriate at this stage;" (2) "[t]he BOP's construction of Section 3621 is unreasonable;" and (3) "[t]he BOP violated the Constitutional guarantee of Equal

Protection." (*Id.*). Petitioner does not appear to object to the Magistrate Judge's finding that Petitioner does not have a liberty interest in early release. (*Id.* at 6). In fact, Petitioner states that he "made no claim in the interest action regarding the violation of due process." (*Id.*).

First, Petitioner argues that "[s]ummary [d]ismissal is inappropriate at this stage" because "[i]n a light most favorable to the Petitioner… the Court must construe at this stage of the proceedings that other inmates with the same enhancement have in fact been granted a sentence reduction following completion of the RDAP." (Document 17 at 4). In his petition, Petitioner asserted that "an inmate who receives an enhancement under U.S.S.G. § 2D1.1(b)(6)(B)…is not automatically precluded from a sentence reduction under Section 3621 and that other inmates have received a reduction despite the enhancement." (*Id*). Petitioner contends that the Magistrate Judge's finding that Petitioner's claim is conclusory is inappropriate because "the same claim was made during the Administrative Process and was not denied by BOP…[r]ather, prison officials merely stated that the Petitioner was not in possession of all the facts." (*Id.*).

Second, Petitioner argues that "[t]he BOP's [c]onstruction of Section 3621 is [u]nreasonable." (*Id.* at 5). Petitioner explains that "Mr. Wood was found on two occasions to be in possession of items that, if improperly disposed, would represent a danger to the environment" and that while "[t]his finding supports an enhancement under U.S.S.G. § 2D1.1(b)(6)(B), [i]t does not…support the allegation that Mr. Wood is a violent felon under 18 U.S.C. § 3621(e)(2)(B)." (*Id.*). Petitioner argues that "the Magistrate's entire line of reasoning regarding an offense that "involved any explosive material" or presented "dangers…to human life" are wholly misplaced" because while "[a]t the time sentence was imposed upon Mr. Wood, offenses that involved explosive materials and those that merely posed a risk to the environment were grouped together under the same enhancement provision: U.S.S.G. § 2D1.1(b)(6)(B)," "[u]nder

the current version of the Guidelines…those elements are separated into two distinct categories. (*Id.* at 5-6). Therefore, Petitioner contends that "he received an enhancement for an offense that "created a substantial risk of harm to the environment" as set forth under U.S.S.G. § 2D1.1(b)(10)(C)(ii)(II).

Lastly, Petitioner argues that "[t]he BOP [v]iolated the [c]onstitutional [g]uarantee of [e]qual [p]rotection." (*Id.* at 6-7). Petitioner explains that because "a trial court views the evidence and the inferences in the light most favorable to the party against whom the judgment would be rendered…the Court must construe at this stage of the proceedings that inmates within this Circuit have received the benefits of Section 3621 following completion of the RDAP. (*Id.* at 3, 6-7). Therefore, Petitioner explains that he has demonstrated that "(1) he was treated differently than other similarly situated inmates; and (2) that he was intentionally singled out for harsher treatment." (*Id.* at 7). Petitioner contends that "whereas the BOP's response to Mr. Wood's Administrative Attempt merely stated that the Petitioner was not in possession of a full set of facts, the BOP should be instructed to inform this Honorable Court of the 'legitimate State purpose' that differentiates Mr. Wood from those other inmates." (*Id.* at 7).

### C. Court's Findings

The Court finds that Petitioner's first objection should be dismissed because it is conclusory and misapplies legal principles. Petitioner's claim that "an inmate who receives an enhancement under U.S.S.G. § 2D1.1(b)(6)(B)…is not automatically precluded from a sentence reduction under Section 3621 and that other inmates have received a reduction despite the enhancement" is conclusory (Document 17 at 4). The fact that "the same claim was made during the Administrative Process and was not denied by BOP" does not preclude a finding that the claim is conclusory. (*Id.*). Therefore, Petitioners objection should be overruled.

12

Although the Magistrate Judge did not make any findings regarding Petitioner's enhancement, the Court has reviewed Petitioner's second objection, considering the fact that Plaintiff is acting *pro se* and his pleadings should be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). The Court finds that Petitioner's second objection should also be overruled because Petitioner's sentence was enhanced for creating a substantial risk to human life pursuant to U.S.S.G. § 2D1.1(B)(6)(B), the applicable Guideline at the time. As Warden D.J. Harmon noted in his Response denying Petitioner's administrative remedy, in Petitioner's Pre-sentence Investigation Report, Petitioner was "assessed a 3 point Specific Offense Characteristic enhancement for creating a substantial risk of harm to human life" and "[t]his enhancement was adopted by the court in its Statement of Reasons." (*Id.* at 28). U.S.S.G. § 2D1.1(B)(6)(B) is now designated as U.S.S.G. § 2D1.1(b)(10)(C)(ii), which provides for an enhancement "if the offense involved the manufacture of amphetamine or methamphetamine and the offense created a substantial risk of harm to (1) human life…; or (II) the environment." U.S.S.G. § 2D1.1(b)(10)(C)(ii). Petitioner contends that his enhancement was really because his offense "created a substantial risk of harm to the environment" as set forth under U.S.S.G. § 2D1.1(b)(10)(C)(ii)(II). Petitioner's objection should be overruled because Petitioner cannot retroactively apply the new Sentencing Guidelines and unilaterally decide his enhancement was based on a distinct subsection. *See* U.S.S.G. §1B1.10(c) (listing the retroactive amendments); *U.S. v. Booker,* 543 U.S. 220 (2005) (finding that the United States Sentencing Guidelines are advisory, not binding on the Court).

The Court finds that Petitioner's last objection should also be overruled because it is conclusory. Petitioner contends that he has, in fact, "demonstrated that (1) he was treated differently than other similarly situated inmates; and (2) that he was intentionally singled out for

13

harsher treatment" because "the Court must construe at this stage of the proceedings that inmates within this Circuit have received the benefits of Section 3621 following completion of the RDAP." (Document 17 at 6-7). Petitioner argues that this Court must accept his assertion that "other inmates with the same enhancement have in fact been granted a sentence reduction following completion of the RDAP" because under the summary judgment standard of review, the trial court must view the evidence "[i]n a light most favorable to the Petitioner." (Document 17 at 4). However, Petitioner has not made a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and therefore, the rules for analyzing such a motion are not applicable here. As previously stated, this Court makes a *de novo* review of the portions of the PF&R or specified proposed findings or recommendations in which specific nonconclusory objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner has not and cannot demonstrate that his right to equal protection has been violated simply by misapplying the Federal Rules of Civil Procedure and the applicable standard of review.

Petitioner did not present evidence to the magistrate judge in support of his equal protection claim. Petitioner merely recited the elements of the cause of action stating that "he was treated differently than other similarly situated inmates" and "was intentionally singled out for harsher treatment." (Document 17 at 6-7). Petitioner's objections are conclusory and, therefore, must be dismissed.

Lastly, with respect to this objection, Petitioner argues that "the BOP should be instructed to inform this Honorable Court of the 'legitimate State purpose' that differentiates Mr. Wood from those other inmates." (Document 17 at 7). However, given that the Court has found that Petitioner has failed to state a claim for an equal protection violation, this argument is moot.

## IV. CONCLUSION

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 16) be **ADOPTED** and that Petitioner's objections to the PF&R (Document 17) be **OVERRULED.**  Furthermore, the Court **ORDERS** that Petitioner's Application for Writ of Habeas Corpus by Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Documents 1 and 2) be **DISMISSED** and that this matter be **STRICKEN** from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 13, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

15